tained whether a balance would be left applicable to the payment of this judgment.

Finding no prejudicial error, the judgment of the court of common pleas will be affirmed.

**Wildman** and **Kinkade, JJ.,** concur.

---

## RAILWAYS.

[Hamilton (1st) Court of Appeals, June 30, 1914.]

Jones and Jones, JJ.

(Swing, J., not sitting.)

CINCINNATI, H. & D. RY. v. EDMUND BUXTON, ADMR.

1. **Recovery for Death at Railway Crossing Where View of Tracks was Hidden Sustained.**

   Where at the intersection of a street and railway tracks at grade there is a high board fence enclosing a coal yard, which completely obstructs the view of tracks from the south until within a few feet of the tracks, and the testimony is conflicting as to whether the electric bell giving warning of approaching trains was ringing or was out of order, a verdict in favor of the administrator of a driver, whose wagon was struck by a train coming from the south at the rate of forty-five or fifty miles an hour, will not be disturbed by a reviewing court.

2. **Verdict not Excessive.**

   A verdict of $5,400 on account of the wrongful death of a man thirty-eight years of age, who left a wife and two small children, and who was in perfect health and earning $20 a month and board as a driver on a milk route, is not excessive.

ERROR.

*Waite & Schindel,* for plaintiff in error.

*Schorr & Wesselmann* and *Thos. L. Michie,* for defendant in error.

## JONES, O. B., J.

Plaintiff below recovered a judgment for damages for the death of his intestate, Leo Herppich, who was struck and killed by a train operated by the plaintiff in error in the village of Lockland, Hamilton county, Ohio, on December 22, 1909.

Railway v. Buxton.

The decedent was driving a covered milk wagon of the usual type, which was open in front and had open doorways on each side, the driver's seat being in the rear and between these two doorways. He was driving westwardly along Worthington avenue, which is a much traveled highway crossing the C., H. & D. Railway, practically at right angles, just south of its Lockland-Wyoming depot. The line between the adjoining villages of Lockland and Wyoming at that time was along the railroad, the tracks of same being located in the village of Lockland. On the south side of Worthington avenue just east of the railroad was a coal yard being operated by Henry Priessmann, which stood four or five feet above the level of Worthington avenue, and which was surrounded on its north and west sides by a tight board fence so high that a person driving westward on Worthington avenue could not see to the south along the railroad until he was very close to the tracks.

Counsel for plaintiff in error have undertaken, by means of photographs which were introduced in evidence and measurements taken by a civil engineer who testified in the case, to demonstrate the fact that the decedent might have been able to see an engine on the northbound track a distance of from 750 to more than 2,000 feet south of Worthington avenue. The difficulty with these photographs is that counsel failed to fix the location of the camera in the center of Worthington avenue where the decedent was driving, but has evidently fixed it at a point some distance north of the center, and the photographer admitted that the distances appearing in the foreground of the picture were deceptive; and the evidence of the photographs and the engineer was opposed to that of a number of plaintiff's witnesses who had been upon the ground and were familiar with the surroundings, and while not undertaking to give exact distances their testimony convinced the jury that decedent could not have seen, by the most careful looking, the approaching train in time to have avoided the injury.

There is no question, from the evidence, that the train was running at least forty-five to fifty miles per hour, and that the

decedent was driving at a very low rate of speed. There is conflict in the testimony as to whether the whistle and bell were sounded as required by Sec. 8853 G. C. There was an electric signal bell at the crossing, and testimony was introduced to show that at periods shortly before and after the accident this bell was out of order, and there is conflicting testimony as to whether or not this bell was ringing at the time of the accident.

In this state of the record, we do not believe that the reviewing court should invade the province of the jury, and say that it was not justified in finding negligence on the part of the defendant and finding that plaintiff was not guilty of contributory negligence.

It is claimed that the court erred in admitting in evidence an ordinance of the village of Lockland which undertook to regulate the speed of trains within the limits of the village at not more than eight miles per hour. Such an ordinance is authorized by Sec. 3781 G. C. and we think it was properly admitted, limited as it was by the charge of the court.

Plaintiff in error urged as another ground of error the refusal of the court to send the jury back to their jury room to agree upon and return a more complete answer to the second interrogatory which had been submitted to them. This interrogatory was as follows:

"Did the deceased, Leo Herppich, as he was about to cross the tracks of the defendant, look to the south?" This was answered by the jury as follows: "We assume he did."

We think that in the absence of any direct proof to the contrary, the jury were justified in arriving at such an answer. Especially when, as we have stated above, we do not feel justified in disturbing their answer to the first interrogatory, which was as follows:

"Do you find from the evidence that the deceased, Leo Herppich, as he was about to cross the tracks of the defendant, could have looked to the south and seen the train by which he was struck in time to have avoided being struck? Answer No."

True, there is testimony by the engineer and at least one

Railway v. Buxton.

pedestrian on the street that they saw the wagon but did not see the driver look out of the wagon. Such testimony is, however, perfectly consistent with the decedent's performing his full duty to look before undertaking to cross, because one seated in such a wagon could no doubt look out through the openings at the sides, down the track, without changing his position, as effectually as he might by thrusting his head out of the wagon; and the engineer's testimony showed that he had paid so little attention to the details of the wagon that he thought its sides were covered solidly with no openings or doorways in them.

It is urged that the amount of the judgment, $5,400, is excessive. Decedent was 38 years old, in perfect health, and left a wife and two young children aged six and four years respectively. At the time of his death he was living and working with his family, on his father-in-law's farm, driving a milk route, and received twenty dollars per month and board. We can not, therefore, say that the amount found by the jury is excessive.

Other errors in the admission of evidence and in the charge of the court are urged by counsel for plaintiff in error, but on careful consideration of same the court fail to find any prejudicial error, and the judgment is therefore affirmed.

**Jones, E. H., J.,** concurs,